**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**RHONDA SCHIMMENTI,**

    **Plaintiff,**

**v.**                                                  **Case No.  8:13-cv-2862-T-30TBM**

**ARDEN COURTS OF TAMPA FL, LLC,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 7) and Defendant's Response in Opposition (Dkt. 8).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

On October 15, 2013, Plaintiff filed the instant action in state court, alleging employment claims arising under Florida law.  Plaintiff seeks compensatory damages, including back pay, front pay, damages related to Plaintiff's alleged emotional distress, punitive damages, and attorney's fees.  Plaintiff does not attribute an amount to any of her damages, or allege any facts that would aid the Court in approximating Plaintiff's damages, other than to allege that her damages exceed $15,000.

On November 12, 2013, Defendant removed the state court action to this Court based on diversity jurisdiction. Defendant surmises that Plaintiff's damages exceed the jurisdictional amount; however, Defendant does not point to any evidence establishing the amount.

Plaintiff seeks to remand this action. Plaintiff does not contest that the parties are diverse. Plaintiff argues that Defendant has not demonstrated that Plaintiff's damages exceed $75,000.

As discussed below, the Court agrees that Defendant did not establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.

## DISCUSSION

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The parties do not dispute whether complete diversity of citizenship exists. When, as here, damages are not specified in the state court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds ... the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all

uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).[1]

In determining the amount in controversy, the court should look first to the complaint. *Id.* If the amount is unavailable from the complaint alone, as it is in this case, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand. *Id.* In *Pretka,* the Eleventh Circuit held that a party seeking to remove a case to federal court within the first thirty days after service is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. *Id.* at 770-71. This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062-63.

Applying the guidelines set forth in *Roe* and *Pretka*, the Court concludes that Defendant has not met its burden in establishing by a preponderance of the evidence that the

---

[1] Notably, the parties rely in their papers on outdated case law that does not apply to a removal filed within thirty days of service.

amount in controversy more likely than not exceeds $75,000. Defendant simply does not provide any evidence to meet its burden. Indeed, Defendant assumes the amount in controversy is met based on Plaintiff's unspecified demand for damages. Defendant does not provide an affidavit, or any other documentation, that sheds any light on Plaintiff's damages. This is perplexing, especially because Defendant, as Plaintiff's former employer, should have some information related to Plaintiff's wages, which form a large part of Plaintiff's compensatory damages.

Defendant also argues that Plaintiff's failure to stipulate to the amount in controversy is evidence that the damages exceed $75,000. But the Eleventh Circuit has held that a plaintiff's failure to stipulate to the amount in controversy is insufficient on its own to satisfy a defendant's burden of proof. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (noting that "[t]here are several reasons why a plaintiff would not so stipulate [to the amount in controversy], and a refusal to stipulate standing alone does not satisfy [a defendant's] burden of proof on the jurisdictional issue.").

In sum, even applying common sense, the Court cannot conclude, based on the allegations of the complaint, what a jury may award, if anything, for Plaintiff's alleged damages.[2]

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 7) is granted.

---

[2] Notably, this Order does not prevent Defendant from taking discovery on Plaintiff's damages and removing the case upon an "other paper" under subsection b(3) of 28 U.S.C. § 1446 (assuming Defendant complies with the deadlines set forth in subsections b(3) and c).

2. The Clerk of Court is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and provide that court with a copy of this Order.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on December 30, 2013.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-2862.grantremand.frm